IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SELAMAWIT AFEWORKI,

        Plaintiff,

  v.

AVVO, INC.

        Defendant.

Case No.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff Selamawit Afeworki brings this action against defendant Avvo, Inc., and alleges as follows:

## I. PARTIES

1. Plaintiff Selamawit Afeworki ("Afeworki") is now, and at all times pertinent hereto has been, an individual residing in Seattle, King County, Washington. Afeworki is an African-American woman. At all material times, Afeworki was employed by Avvo (as "Avvo" is defined in Paragraph 2, *infra*) and worked in the state of Washington.

2. Defendant Avvo, Inc., is a Washington corporation ("Avvo"). On information and belief, Avvo's corporate headquarters are located in Seattle, Washington. At all material times, Avvo was Afeworki's employer within the meaning of 42 U.S.C. § 2000e et seq. and/or RCW 49.60.040.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 1**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e, *et seq.*

4. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

5. Afeworki filed a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC mailed a Notice of Right to Sue to Afeworki on February 7, 2017. This suit is filed within 90 days of Afeworki's receipt of that Notice.

## III. FACTS

6. Afeworki was hired by Avvo in July of 2014 as an account executive.

7. Afeworki was promoted to senior account executive with Avvo approximately seven months after being hired.

8. In her position as an account executive Afeworki was responsible for, *inter alia*, identifying and engaging new sales prospects, providing online marketing strategies to advertisers, creating marketing packages, and negotiating to close sales. In addition to her responsibilities as an account executive as a senior account executive Afeworki was responsible for, *inter alia*, training and developing new sales account executives.

9. Upon information and belief, Afeworki was one of two women of color working as account executives and the only woman of color working as a senior account executive with Avvo.

10. Throughout her time with Avvo, Afeworki worked with a senior account executive named Alex Lubov ("Lubov").

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 2**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

11. On information and belief, at all material times, Lubov was Avvo's employee and was acting within the scope of his employment.

12. On information and belief, Lubov no longer works at Avvo.

13. In or about July of 2016, Afeworki was on the sales team of manager Jamie Neill ("Neill").

14. At all material times, Neill was Avvo's employee and was acting within the scope of his employment.

15. On information and belief, Neill job changed from manager to account executive or senior account executive after Afeworki left Avvo.

16. In or about September of 2015, Avvo hired Eric Dahlberg ("Dahlberg") as its Chief Revenue Officer ("CRO"). In his capacity has Avvo's CRO, Dahlberg supervised Neill as well as Afeworki.

17. At all material times, Dahlberg was Avvo's employee and was acting within the scope of his employment.

18. Throughout her employment, Afeworki maintained an exemplary performance record until Avvo began working to undermine her.

19. In early 2015, Lubov made sexual advances towards Afeworki at Avvo's place of business, during Avvo sanctioned social events, and after work events attended by Avvo employees.

20. Afeworki rebuffed these unwanted advances.

21. Following Afeworki's rejection of Lubov's unwanted advances, Lubov targeted Afeworki with bizarre and/or threatening behavior. This behavior included sending aggressive messages to Afeworki using Avvo's Hipchat messenger service. An example of one such

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 3**

conversation is illustrated by the following screenshot of a conversation between Afeworki and Lubov:

> **Alex Lubov x1520** · Apr-28 3:57 PM
> you will when i start sniping all your sales
> watch out now...
>
> **Selamawit Afeworki x1416** · Apr-28 3:57 PM
> ok you sound a lil crazy
>
> **Alex Lubov x1520** · Apr-28 3:57 PM
> im obviously kidding
> but do what u gotta do
>
> **Selamawit Afeworki x1416** · Apr-28 3:58 PM
> i know you a lil bit / your jokes are all somewhat "real threats"
>
> **Alex Lubov x1520** · Apr-28 3:58 PM
> how so?
> i guess you'll just see what happens
>
> **Selamawit Afeworki x1416** · Apr-28 3:59 PM
> omg
> whats wrong with you
>
> **Alex Lubov x1520** · Apr-28 3:59 PM
> im kidding still

22. Lubov also spread rumors among Avvo employees that he had "hooked up" with Afeworki. Afeworki denies these rumors.

23. Upon learning of Lubov's charge that she had "hooked up" with him Afeworki reported Lubov's conduct to Craig Stein ("Stein") a former Avvo Human Resources Representative. Stein informed Afeworki that he would communicate with Lubov regarding the rumor spreading activity of Lubov.

24. On information and belief, Stein never recorded his meeting with Afeworki or followed up with Lubov as he had promised.

25. On information and belief, Avvo never took affirmative action or responded in any way to Afeworki's original complaint about Lubov.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 4

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

26. In January of 2016, Afeworki attended a happy hour after work with Avvo employees where Lubov became intoxicated and attempted to grab Afeworki. Afeworki evaded Lubov who eventually stopped pursuing her and called her a "bitch."

27. Following the January of 2016 incident Lubov, on several occasions, called Afeworki a "bitch" and/or a "slut." Lubov also would occasionally stare Afeworki up and down in a threatening manner.

28. In September of 2016, Afeworki's manager, Neill, required her to sit next to him because he told her they were "disconnected." Despite Afeworki's request for clarification of what Neill meant by "disconnected" Neill never explained how or why he felt "disconnected." Afeworki objected to the move as it put her in closer proximity to Lubov and moved her away from the rest of the sales team.

29. Following the move, Lubov became more overt and aggressive in his harassment of Afeworki.

30. On several occasions, Lubov and Neill would point at Afeworki, while talking, and laugh.

31. On occasion, Neill would sit facing Afeworki with his legs spread open with his cell phone raised in front of his face.

32. On information and belief, at times when Neill was sitting with his legs spread open facing Afeworki with his cell phone raised in front of his face he was taking photos and/or videos of Afeworki.

33. On September 8, 2016, when no one else was near Afeworki and Neill, Neill – sitting with his legs open while on his phone – stated, "Some people need to know when to quit!"

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 5**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

34. Neill repeatedly told Afeworki during September and October of 2016 that upper management wanted her to quit and that they [upper management] wanted her out.

35. On several occasions, Neill told Afeworki that she was "different."

36. In late September of 2016, Afeworki asked to meet with Dahlberg and told Dahlberg that she felt discriminated against by her manager and that her manager was isolating her. Afeworki further told Dahlberg that Mr. Neill held one-on-one meetings with all the other account executives on his team except for her.

37. Following Afeworki's request Dahlberg agreed to meet with Afeworki and Neill. During this meeting, Dahlberg stated how "expensive" it was to keep Afeworki as an employee and that in addition to the company's costs of employment they also needed to factor in "fruits, snack, and sodas." Dahlberg also told Afeworki that if she wasn't happy at Avvo that she might be "better off staying at home and collecting unemployment."

38. In October of 2016, Neill told Afeworki that she needed a total of three deals in the second week of October "or else." Neill also reiterated that Dahlberg wanted Afeworki "out" and that she should just quit. Following this conversation, Neill stared down Afeworki with his chair facing her causing her to feel intimidated and unsafe.

39. Following her conversation with Neill, on October 6, 2016, Afeworki submitted a formal complaint to Avvo Human Resources based on discrimination, racism, bullying, and the isolation her managers inflicted on her.

40. After Afeworki filed her complaint Avvo began a coordinated effort to pressure her to quit or to terminate her. Dahlberg told Afeworki on more than one occasion that no managers wanted to work with her.

41. On October 12, 2016, Dahlberg met with Afeworki for approximately two hours. After

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 6**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

approximately an hour into this meeting Dahlberg asked Afeworki, "Do you feel like I am bullying you now?" Afeworki replied, "Yes." Dahlberg proceeded with the meeting for approximately another hour despite Afeworki's statement that she felt bullied and her requests that they continue the meeting another time because she felt stressed and overwhelmed.

42. The increased hostility in Afeworki's work environment caused her stress and her work performance suffered. Afeworki's stress and fear also caused her to miss several days of work.

43. In October of 2016, Dahlberg told Afeworki that he wanted to see her sales numbers through November before making any decisions on her continued employment.

44. At the end of October of 2016 Avvo sent Afeworki an email that placed her in a tier group for the month of November.

45. Avvo had become fed up with Ms. Afeworki pointing out issues of discrimination and hostility in its office and in response to her formal complaints and refusal to accept Avvo's discrimination Avvo terminated Afeworki's employment.

46. On information and belief, no other employees listed in the tier group email were terminated in November.

47. Avvo terminated Afeworki in retaliation for her making complaints.

## IV. CAUSE OF ACTION

COUNT ONE: Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (Discrimination and Retaliation)

COUNT TWO: Violation of the WLAD, RCW 49.60 et seq.. (Discrimination and Retaliation)

COUNT THREE: Termination in Violation of Public Policy

48. The preceding paragraphs are realleged and incorporated by reference as though fully set

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL - 7

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

forth herein.

49. Avvo discriminated against Afeworki in the terms and/or conditions of her employment because of her race and/or gender.

50. Avvo made the decision to terminate Afeworki, in whole or in part, because of her race and/or gender.

51. Avvo took adverse employment action against Afeworki, up to and including termination, in retaliation for and because of Afeworki's opposition to Avvo's discriminatory treatment of Afeworki based on her race and/or gender.

52. Avvo's discrimination against and termination of Afeworki because of her race and/or gender, as well as because of her opposition to race-based and gender-based discrimination, constitutes a violation of Washington's Law Against Discrimination, RCW 49.60, *et seq.*

53. Avvo's discrimination against and termination of Afeworki because of her race and/or gender, as well as because of her opposition to the same, constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

54. Avvo's termination of Afeworki constitutes a violation of certain public policies of the state of Washington including, but not limited to, policies which protect employees for (i) reporting discriminatory employment practices, (ii) reporting employer misconduct, and (iii) engaging in protected and/or opposition activity.

55. As a direct and proximate result of Avvo's violations of these lawas and policies, supra, Afeworki has suffered damages including, but not limited to, lost back pay; lost pension and other benefits; other damages; and severe emotional distress, all in amounts to be proven at trial.

## V. JURY DEMAND

Plaintiff hereby requests a jury of 12 persons to determine all issues of fact.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 8**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

## VI.  PRAYER FOR RELIEF

Wherefore, Afeworki respectfully requests the following relief:

1. A determination that Avvo has violated her rights under state and federal law;

2. Damages for lost back pay, lost pension and other benefits, and any and all other damages suffered as a result of Avvo's conduct that may be proven, plus interest thereon for all damages, all in an amount to be proven at trial;

2. Compensatory damages in an amount to be proven at trial;

4. Punitive damages under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*;

5. General damages for emotional distress, mental anguish, and humiliation in an amount to be proven at trial;

6. Reasonable attorney's fees and costs as allowed by all applicable laws; and,

7. All other relief that this Court deems just and equitable.

**DATED** this **4th** day of **May,** 2017.

**BADGLEY MULLINS TURNER PLLC**

_____
Donald H. Mullins, WSBA #4966
Daniel A. Rogers, WSBA #46372
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  206-621-6566
Facsimile:   206-621-9686
Email:  dmullins@badgleymullins.com
Email:  dturner@badgleymullins.com
**Attorneys for Plaintiff**

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 9**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686